# IN THE COURT OF APPEALS OF IOWA

No. 18-1674
Filed February 6, 2019

IN THE INTEREST OF T.A.,
Minor Child,

T.A., Father,
          Appellant.

_____

Appeal from the Iowa District Court for Dallas County, Virginia Cobb, District Associate Judge.

A father appeals the termination of his parental rights to his child. **REVERSED AND REMANDED.**

Charles E. Isaacson of Charles Isaacson Law P.C., Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Anagha L. Dixit, Assistant Attorney General, for appellee State.

Kayla Ann J. Stratton of Juvenile Public Defender's Office, Des Moines, guardian ad litem for minor child.

Jessica A. Millage, Des Moines, for intervenors.

Considered by Potterfield, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

A father appeals the termination of his parental rights to his child pursuant to Iowa Code section 232.116(1)(d), (e), and (f) (2018).[1] He challenges the sufficiency of the evidence supporting the grounds for termination under each of these paragraphs.

## I. Background Facts and Proceedings.

The child was born in March 2014. The father lived with the mother and the child for approximately one month after the child was born. Thereafter, the father's contact with the child was inconsistent. The father contends the mother prevented him from seeing the child, though the father claims he spoke with the child weekly by phone after moving to Florida in 2016 and sent the mother money for the child's support.

The child was removed from the mother's care in February 2017 and was adjudicated to be a child in need of assistance. The father moved back to Iowa and had supervised visits with the child until October 2017. His last visit with the child occurred on October 3, 2017. The father did not attempt to set up further visits with the child until February 2018, the same month the State petitioned to terminate the father's parental rights. Because the father had not seen the child in four months, the Department of Human Services (DHS) worker told him the visits needed to occur in a therapeutic environment with the child's therapist.

The father contacted the child's therapist to set up a visit. However, after observing the child's "anxious response" at the prospect of being separated from

---

[1] The termination of parental rights petition regarding the child's mother was dismissed after the mother died during the course of the proceedings.

the maternal grandparents, with whom the child was placed, the therapist recommended suspending visitation until the juvenile court determined whether to terminate the father's parental rights. In a letter dated March 26, 2018, the child's therapist wrote:

> With a termination hearing coming up it would be damaging to start the process of establishing a relationship between [the father] and [the child] if [the father]'s rights may be terminated. Should [the father]'s rights not be terminated it is recommended that contact with [the child] first take place in a therapeutic environment before moving to other types of visitation. [The child] has a secure attachment to his Grandfather and care must be taken not to interrupt that attachment.

The termination hearing was held in March, April, and June 2018. The juvenile court entered an order terminating the father's parental rights to the child in September 2018.

## II. Scope and Standard of Review.

We review termination of parental rights de novo. *See In re A.*S., 906 N.W.2d 467, 472 (Iowa 2018). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *See id.* (citation omitted).[2] We may affirm the termination if clear and convincing evidence supports one of the grounds the juvenile court relied on. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

---

[2] The juvenile court's findings of fact are skimpy—almost nonexistent. The court's order sets forth no evidence to support the substantive elements of each ground upon which it terminated the father's parental rights.

**III. Discussion.**

**A. Section 232.116(1)(d).**

To terminate parental rights pursuant to section 232.116(1)(d), the State must prove the following by clear and convincing evidence:

> (1) The court has previously adjudicated the child to be a child in need of assistance after finding the child to have been physically or sexually abused or neglected as the result of the acts or omissions of one or both parents, or the court has previously adjudicated a child who is a member of the same family to be a child in need of assistance after such a finding.
> (2) Subsequent to the child in need of assistance adjudication, the parents were offered or received services to correct the circumstance which led to the adjudication, and the circumstance continues to exist despite the offer or receipt of services.

There is insufficient evidence to support termination under section 232.116(1)(d). To meet the requirements of subparagraph (1), the child had to suffer a physical injury. *See* Iowa Code § 232.2(42) ("'Physical abuse or neglect' or 'abuse or neglect' means any nonaccidental physical injury suffered by a child as the result of the acts or omissions of the child's parent, guardian, or custodian or other person legally responsible for the child."); *In re J.S.*, 846 N.W.2d 36, 41 (Iowa 2014) (noting "'physical injury to the child is a prerequisite' to finding *past* physical abuse or neglect" (citation omitted)). The child was adjudicated to be in need of assistance pursuant to section 232.2(6)(c)(2) "for denial of critical care due to drug use by the mother."[3] No facts supporting this finding were set out in the adjudication order. The mother is now deceased. The circumstances which led

---

[3] Iowa Code section 232.2(6)(2) defines a "child in need of assistance" as an unmarried child under the age of eighteen who has suffered or is imminently likely to suffer harmful effects as a result of the failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the child.

to the adjudication no longer exist. In any event, the juvenile court made no finding that the child was physically or sexually abused or neglected by the mother or the father. Accordingly, we reverse the termination of the father's parental rights under section 232.116(1)(d).

**B. Section 232.116(1)(e).**

Without citing to any evidence, the juvenile court concluded there was "clear and convincing evidence that the father has not maintained significant and meaningful contact with the child during the previous six months and [has] made no reasonable efforts to resume care of the child despite being given the opportunity to do so." Terminating parental rights under section 232.116(1)(e) requires clear and convincing evidence establishing the following:

> (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (2) The child has been removed from the physical custody of the child's parents for a period of at least six consecutive months.
> (3) There is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so.

The father disputes the sufficiency of the evidence showing he failed to maintain significant and meaningful contact with the child.

"[S]ignificant and meaningful contact" refers to a parents' affirmative assumption of parental duties. Iowa Code § 232.116(1)(e)(3). In addition to financial obligations, parental duties include "continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life." *Id.*

There is insufficient evidence to establish that the father failed to maintain significant and meaningful contact. Although the father failed to visit the child for a period of four months, the evidence shows the father made a genuine effort to complete the responsibilities prescribed in the case permanency plan in the six months preceding the termination hearing. During this period, he obtained his own housing, completed a substance-abuse evaluation, and consistently attended therapy. Although the father did not have contact with the child during this period, the DHS denied him that opportunity based solely on the recommendation of the child's therapist. The child's therapist did not recommend suspending visits out of any concern regarding the father but rather based on the possible termination of the father's parental rights. The State cannot deny the father contact with the child based on the possible termination of his parental rights and then have his parental rights terminated based on his lack of contact with the child. We therefore reverse the termination of the father's parental rights under section 232.116(1)(e).

**C. Section 232.116(1)(f).**

Termination is appropriate under section 232.116(1)(f) when clear and convincing evidence establishes the following:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

There is no dispute that the first three elements under this section have been met. With regard to the final element, "[a] child cannot be returned to the custody of the child's parent under section 232.102 if by doing so the child would be exposed to any harm amounting to a new child in need of assistance adjudication." *In re M.S.*, 889 N.W.2d 675, 680 (Iowa Ct. App. 2016) (citation omitted).

The termination order makes no finding as to the adjudicatory harm to which the child would be exposed if returned to the father, and we are unable to find a nexus between the father's conduct and an appreciable risk of adjudicatory harm to the child. *See id.* at 682 ("[T]he State must establish a nexus between the father's [conduct] and an appreciable risk of adjudicatory harm to the child within the meaning of section 232.102."). Although the DHS was concerned about the father's alcohol use based on reports from the mother and the maternal grandparents, his substance-abuse evaluation indicated no concerns regarding his alcohol use, and chemical testing revealed no alcohol or drug use. The father was attending therapy, and his therapist testified he was making progress. Although the father acknowledged that placing the child in his custody at the time of the termination hearing would be contrary to the child's best interests due to the lack of visitation,[4] this concession does not equate with proof of adjudicatory harm. We reverse the termination of the father's parental rights under section 232.116(1)(f).

---

[4] The father testified that he was only asking the court to start the reunification process to allow him the opportunity to regain custody.

**D. Conclusion.**

Because the State failed to prove the grounds for termination by clear and convincing evidence, we reverse the order terminating the father's parental rights and remand for further proceedings.

**REVERSED AND REMANDED.**